**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RUBEN LOERA GRANADOS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-04-671** |
| | § | |
| **MANUEL RUANO, HEALTH SERVICES** | § | |
| **ADMINISTRATOR and** | § | |
| **JOE D. DRIVER, WARDEN,** | § | |
| **Defendants** | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff is in the custody of the federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Corrections Institution ("FCI") in Three Rivers, Texas.  Plaintiff claims that he is being denied medical treatment in violation of his Eighth Amendment right to be free of cruel and unusual punishment and seeks relief pursuant to Bivens. v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d (1971).  In addition, he seeks relief under the Federal Tort Claims Act ("FTCA").  Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) on March 29, 2005 to which plaintiff did not respond (D.E. 15).

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

The crux of plaintiff's complaint is that he is suffering from what he believes to be a hernia and it is causing him great pain.  He asserts that he is in need of surgery to repair the hernia but the BOP is refusing to provide him with the medical care he needs (D.E. 1, pp. 4-5).  Plaintiff submitted a BP-8 form in either late 2003 or early 2004 in which he stated that he had a hernia which had been causing him pain since 2002.  He asked to see a surgeon as soon as possible

because the pain was unbearable.  He said that doctors have told him that he does not have a

medical problem but he could feel a "bundle" in his groin area and had terrible pain (D.E. 1, Ex.

1).  Plaintiff received a response on January 13, 2004 in which V. Woodcroft said that he had

spoken with defendant Ruano, the medical department administrator, who said plaintiff needed to

make sick call and have the hernia examined by a physician's assistant, who would refer him to a

general surgeon (Id.).

On an undated, unsigned form, plaintiff complained again that he was not receiving proper

medical care (D.E. 1, Ex. 2).  On another undated, unsigned complaint form, plaintiff said that after

filing the first complaint, he saw Dr. Silva on January 23, 2004, who told him that he would be

seen by a surgeon some time in the coming months.  On April 17, 2004 plaintiff had a "call-out" to

be examined and although he was told he was going to be seen by a specialist he did not see a

specialist at that time.  At some point in May 2004 plaintiff complained directly to defendant

Ruano about his hernia and his lack of treatment and Ruano told him that hernia surgery was not

available in the department or in any of the institutions.  Plaintiff asserts that also in May he was

"called out" and spoke to Ruano, who asked him to sign a form accepting the non-necessity for

surgery and stating his agreement to remain monitored and seek further  treatment if necessary.  He

claims that Ruano told him that even if his hernia were a serious problem, he would not be

scheduled for surgery unless it was about to "blow up."  (D.E. 1, Ex. 3).

On August 11, 2004 plaintiff complained about the lack of medical care on a "Central

Office Administrative Remedy Appeal" form (D.E. 1, Ex. 5).  Plaintiff received a response from

Harrell Watts, the national inmate appeals administrator on October 28, 2004.  Watts told plaintiff

that the FCI Three Rivers medical staff said plaintiff had been evaluated by the contract surgeon

who determined that he did not have a true hernia.  His case also was reviewed by the regional

2

medical consultant, who determined that surgery was not medically necessary.  Watts told plaintiff that his case involved a type of elective surgery that the BOP is not required to provide (D.E. 1, Ex. 5).

Plaintiff also attached a document to his complaint that shows his case was reviewed by the Utilization Review Committee which determined that plaintiff's requested surgery for an inguinal hernia was not medically necessary and that he would be reevaluated if his pain became significantly worse, or after six months (D.E. 1, Ex. 7).  In addition, plaintiff attached two forms regarding his medical status.  One was dated November 10, 2003 and allowed plaintiff to return to work but restricted him from recreation and sports for six months and the other was dated June 24, 2004 and required that plaintiff be given a lower bunk for 30 days (D.E. 1, Exs. 9, 10).

In their motion to dismiss, defendants argue that plaintiff did not exhaust his administrative remedies on his FTCA claim and also that his Bivens action should be dismissed because he did not allege the personal involvement of either of the defendants.

## APPLICABLE LAW

### A.  FTCA Claim

Defendants argue that plaintiff's FTCA claim should be dismissed because he failed to exhaust his administrative remedies.  The FTCA exhaustion statute, 28 U.S.C. § 2675, provides the following:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA.  Cook v. United States Department of Labor, 978 F.2d 164, 166 (5th Cir. 1992).

A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim.  No particular method of giving notice is required.  The usual method, however, is by filing a form 95 with the agency.

Id. (citations omitted).

Defendants in this case provided an affidavit from Martin Joseph Sweaney, a BOP employee, who stated that plaintiff has never filed an administrative tort claim.  While plaintiff might have argued that the administrative grievances he filed put the agency on notice about his complaint and allowed it to conduct an investigation, he did not place a money value on his claim in any of his grievances.  Accordingly, he did not properly exhaust his administrative remedies under the FTCA and his negligence cause of action should be dismissed.

**B.  Eighth Amendment Claim**

Plaintiff claims that the refusal by the BOP to provide surgical repair of his hernia amounts to a failure to provide medical care, which is a violation of the prohibition against cruel and unusual punishment provided by the Eighth Amendment to the Constitution.  Prison officials are liable for failure to provide medical treatment if they are deliberately indifferent to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).  Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied

4

him access to medical personnel capable of evaluating the need for treatment.  Id. at 104-05, 97 S.Ct. at 291.  A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 847, 114 S.Ct. at 1984.  Deliberate indifference is an extremely high standard to meet.  A plaintiff must show that the official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for his serious medical needs.  Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(citations omitted).

In their motion to dismiss, defendants argue that plaintiff has failed to describe personal involvement of either Driver or Ruano and that there is no allegation that either of them were acting in any capacity other than that of supervisors.  The doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 causes of action[1] and in order to be liable, a defendant must have been personally involved in the deprivation of another's civil rights.  Thompson v. Steele, 709 F.2d 381 (5th Cir. 1983); Williams v. Luna, 909 F.2d 121 (5th Cir. 1990).  Supervisory officials may be held liable only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that result in plaintiff's injury.  Mouille v. City of Live Oak, Texas, 977 F.2d 924 (5th Cir. 1992).

Plaintiff has not described any actions taken by Warden Driver that resulted in his not receiving the medical care he thinks he needs.  Accordingly, plaintiff's claims against Driver should be dismissed.

---

[1] Bivens actions are analyzed in the same manner as actions brought under 42 U.S.C. § 1983.  Izen v. Catalina, 398 F.3d 363, 367, n. 3 (5th Cir. 2005).

Plaintiff asserts that at one point he approached defendant Ruano and told him about his symptoms and the pain he was experiencing which was making it difficult for him to walk. Plaintiff asserts that Ruano told him that hernia surgery was not available to him in the medical department.  Plaintiff also asserts that defendant Ruano asked him to sign a document agreeing that he did not need surgery, but would be monitored.  Finally, plaintiff claims that Ruano told him that even if his condition were as serious as he claims, surgery would be provided only when the hernia was about to "blow up."   Based on these allegations, plaintiff has alleged that Ruano was personally involved in the decision to deny plaintiff surgical relief for his hernia. Accordingly, plaintiff's claims against Ruano should not be dismissed.

## IV.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss (D.E. 15) be granted in part and denied in part.  Plaintiff's FTCA claim should be dismissed for failure to exhaust administrative remedies and his Bivens action against defendant Driver also should be dismissed.  Plaintiff should be allowed to proceed on his Bivens action against defendant Ruano.

Respectfully submitted  this 14th day of July, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

6

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).