IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN LOERA GRANADOS | § | |
| | § | |
| V. | § | C.A. NO. C-04-671 |
| | § | |
| MANUEL RUANOS, ET AL. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Pleading *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971), alleging defendant Ruanos denied him treatment for a hernia. See Abate v. Southern Pacific Transp. Co., 993 F.2d 107 (5th Cir. 1993) (Bivens is a federal counterpart to § 1983, which in effect extends protections afforded by § 1983 to parties injured by federal actors not liable under § 1983). Pending is plaintiff's motion for appointment of counsel (D.E. 23).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); 28 U.S.C. § 1915(e)(1).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor,

691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to the plaintiff, defendant Ruanos repeatedly denied him treatment and surgery for a hernia.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Plaintiff's pleadings demonstrate that he is articulate and reasonably intelligent, and he has been able to conduct discovery. Plaintiff can adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. While there may undoubtedly be some contested testimony at trial, plaintiff appears to have adequate skills to conduct cross-examination.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Attorney's fees can be awarded to a prevailing plaintiff, 42 U.S.C. § 1988, and plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 23) is denied.

ORDERED this 22nd day of March, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE