IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN LOERA GRANADOS. | § | |
| REG. ID. 15455-077 | § | |
| V. | § | C.A. NO. C-04-671 |
| | § | |
| MANUEL RUANO | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a <u>Bivens</u>[1] action brought by a federal prisoner alleging claims of deliberate indifference to his serious medical needs (D.E. 1).  Defendant Manuel Ruano, moves for summary judgment to dismiss plaintiff's claims (D.E. 29).  Plaintiff has not filed a response.  For the reasons stated herein, it is respectfully recommended that defendant's motion for summary judgment be granted, and that plaintiff's claims be dismissed on the merits.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is in the custody of the federal Bureau of Prisons ("BOP") and at all times relevant to the facts of this lawsuit was incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas, where he currently is housed.   Defendant Manual Ruano is the FCI-Three Rivers medical department supervisor.  Plaintiff filed suit on December 17, 2004, claiming that he had been denied surgery for a right inguinal hernia  in violation of his Eighth Amendment right to be free from cruel and unusual punishment; he also sought relief under the Federal Torts Claim Act

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

("FTCA"), 28 U.S.C. § 1346 and § 2671, et seq.[2]  By Memorandum and Recommendation entered July 14, 2005, it was recommended that plaintiff's FTCA claim against the United States be dismissed for failure to exhaust administrative remedies, but that his deliberate indifference claims against Manual Ruano be retained (D.E. 16).  On August 25, 2005, the recommendation was adopted and plaintiff's FTCA claim was dismissed (D.E. 19).  Defendant Ruano filed the instant motion for summary judgment on April 13, 2006 (D.E. 29).  Plaintiff has not filed a response.[3]  According to his original complaint, plaintiff is seeking $500,000 in damages against defendant Ruano.  He also seeks injunctive relief in the form of a hernia operation.

### III.  SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of his motion for summary judgment, defendant offers the following:

Ex. A:  Declaration of Dr. Vache Chakmakian, a physician employed at FCI, Three Rivers; and

Ex. B:  Plaintiff's FCI, Three Rivers medical records from June 2003 through May 2005.

The following facts are not in dispute:

On June 12, 2003, plaintiff underwent a medical intake screening upon his arrival at FCI, Three Rivers.  D.E. 29, Ex. B at 1-8.  His medical history was positive for eye trouble, lower back pain, and a right inguinal hernia.  Id. at 3, 6.  He was not taking any prescribed medications at the time.  Id. at 3.  He was not medically cleared for work after his initial screening.  Id. at 5.

---

[2] The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees and authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346(b) and 2674.

[3] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

On June 18, 2003, plaintiff underwent a medical examination. D.E. 29, Ex. B at 9-15. This examination revealed a varicocele on the right side. Id. Plaintiff refused a digital inguinal examination and digital rectal examination. Id. at 11. Plaintiff was released for regular duty work with the restriction of no lifting over 25 pounds. Id. at 12, 15.

On July 21, 2003, plaintiff reported to medical complaining of spider bites. D.E. 29, Ex. B at 18. Plaintiff was treated and released. Id.

On September 11, 2003 plaintiff reported to medical complaining of low back pain with no radiation, and also complaining of hemorrhoids. D.E. 29, Ex. B at 19-20. Plaintiff was treated and released. Id.

On November 10, 2003, plaintiff was brought by stretcher to medical complaining of persistent back pain. D.E. 29, Ex. B at 22-23. Plaintiff related that he had fallen on November 3, 2003, and had been in pain ever since. Id. at 22. X-rays taken September 25, 2003, revealed spondylolsis with minimal spurring on L4. Id. at 21. Plaintiff was prescribed pain and anti-inflammatory medications and returned to his quarters. Id. at 23.

On January 23, 2004, plaintiff reported to medical complaining of pain in his right testicle. D.E. 29, Ex. B at 24. Plaintiff was seen by M. Silva, a physician's assistant ("PA"), who opined that plaintiff was suffering from a right inguinal hernia. Id. PA Silva's plan was to refer him for further evaluation. Id.

On April 19, 2004, plaintiff was seen by Dr. G. Roffers. D.E. 29, Ex. B at 24. Dr. Roffers noted that there was tenderness at the right inguinal ring, but that no true hernia was palpable. Id. Dr. Roffers suggested that the condition could be repaired through elective surgery, and plaintiff

requested that the elective surgery be authorized.  Id. at 27.  By response dated May 4, 2004, the unit

review committee denied plaintiff's request for elective hernia surgery, stating:

> The surgeon who evaluated you did not find a hernia.  Your condition
> should be re-evaluated if your pain becomes significantly worse or
> after 6 months.

D.E. 29, Ex. B at 28.

On June 24, 2004, plaintiff reported to the infirmary complaining of hernia pain; he also

requested a lower bunk pass.  D.E. 29, Ex. B at 25.  Notes indicate that he already had a pass; he was

given Ibuprofen for pain.  Id.

On May 31, 2005, plaintiff reported to the infirmary complaining of hernia and leg pain.

D.E. 29, Ex. B at 26, 31.  Upon examination, the PA noted a small mass and generalized tenderness

over plaintiff's scrotum.  Id. at 31.  A second request for surgery was submitted to the unit review

committee.  Id. at 32.  There is no response to the second surgery request in plaintiff's medical

records.

In his declaration, Dr. Chakmakian states that he has reviewed plaintiff's records and that

he has examined him also.  See D.E. 29, Ex. A, Declaration of Dr. Chakmakian at ¶ 6.  Upon

examination, Dr.Chakmakian observed some enlargement of the soft tissue in the lower part of the

right testicle, but on palpation, he was not able to detect a hernia.  Id.  Dr. Chakmakian opines:

> Moreover, if, as he claims, he had been suffering from such a hernia
> since prior to his designation to FCI, Three Rivers, such a hernia
> normally would have grown during the intervening years, so that it
> would have become readily apparent by now.  Since, as I stated, I
> was not able to detect an inguinal hernia, I do not believe that he has
> one, for which reason I do not believe that surgery is indicated.

Chakmakian Dec. at ¶ 6.

## IV.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motions.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses.  See id. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein."  FED. R. CIV. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving

party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 248-49.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  Caboni, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed."  Anderson, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact.  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.

## V.  DISCUSSION

A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983."  Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n.14 (5th Cir. 1990). And  see Izen v. Catalina, 382 F.3d 566, 570 n. 3 (5th Cir. 2004) (recognizing Bivens and 42 U.S.C. § 1983 actions are analogous).  To recover damages under Bivens, the injured party must show the existence of a valid constitutional violation. Abate, 993 F.2d at 110.

*Personal involvement.*

 Bivens provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement.  Affiliated Prof'l Home Health Care Agency v.

Shalala, 164 F.3d 282, 286 (5th Cir. 1999).  Moreover, there is no *respondeat superior* liability, and a supervisory official may be held liable only if he implements a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998).

Plaintiff has failed to allege personal involvement by defendant Ruano.  Plaintiff does not claim that defendant Ruano personally made the decision to deny the hernia surgery, and the uncontested facts show that the unit review *committee* denied plaintiff's first surgery request.  See D.E. 29, Ex. B at 28.   Plaintiff does not allege that defendant Ruano was even a member of the committee.  There are simply no facts to suggest that defendant Ruano was personally involved in any decisions related to plaintiff's medical care; his sole function was to make any technical arrangements necessary to facilitate the treatment prescribed by the medical personnel.

Nor has plaintiff alleged that defendant Ruano implemented any type of unconstitutional policy regarding his medical treatment.  Plaintiff does not suggest that the review of elective surgeries by a unit review committee is unconstitutional or amounts to deliberate indifference in and of itself, and such and argument would be without merit.  Thus, plaintiff's claims against defendant fail based on no personal involvement.

### *Deliberate indifference.*

Even if plaintiff could establish that defendant Ruano actively participated in the decisions affecting whether or not he would have hernia surgery, he fails to establish that Ruano acted with deliberate indifference.

To succeed on a Bivens claim, a prisoner must show a constitutional violation has occurred. Bivens, 403 U.S. at 395-97.  To show a violation of the constitutional prohibition against cruel and

unusual punishment for denial of adequate medical treatment, a prisoner must allege that the defendant acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303.(1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer v. Brennan, 511 U.S. 825, 837 (1994). It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists, and then the prison official, perceiving the risk, must deliberately fail to act. Farmer, 511 U.S. at 837. This requires a prisoner to provide evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted).

Negligent medical care does not constitute a valid constitutional violation claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an "extremely high standard to meet." Domino, 239 F.3d at 756.

8

At plaintiff's June 18, 2003 medical examination, he was diagnosed as having a varicocele on the right side.  D.E. 29, Ex. B at 9.  In his declaration, Dr. Chakmakian explains that a variocele is a varicose condition of the veins and the spermatic cord of the scrotum.  Id., Ex. A at ¶ 4. Plaintiff did not have an inguinal hernia at the time.  Id.

When plaintiff complained of pain, he was seen in the FCI, Three Rivers infirmary.  See D.E. 29, Ex. B.  There is no evidence of unanswered sick call requests or repeated complaints about not receiving treatment.

Plaintiff began complaining of hernia pain in January 2004.  D.E. 29, Ex. B at 24.  He was treated with anti-inflammatory and pain medications and given a lower bunk pass.  Id. at 24, 30. On April 19, 2004, he was seen for a clinical consultation by Dr. Roffers to specifically address his hernia pain.  Id.  Although Dr. Roffers submitted the surgical request on behalf of plaintiff, id. at 27, he clearly notes that the surgery is  elective and not medically necessary for plaintiff's health or well-being.  Id.  The fact that the unit review committee denied the surgery request does not amount to deliberate indifference; at most it is a disagreement in the course of treatment prescribed, which is not actionable.  Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff offers no facts to suggest that defendant Ruano was aware of a serious medical need and ignored that need to plaintiff's detriment.  To the contrary, the facts suggest that plaintiff received prompt and adequate medical care concerning his hernia and other medical problems. Further, plaintiff's hernia condition continues to be monitored and the possibility of surgery has not been entirely foreclosed.  Notes indicate that he is to be reevaluated every six-months, if not sooner, depending on his pain. D.E. 29, Ex. B at 28.  It is recommended that defendant's motion for

summary judgment be granted in his favor, and plaintiff's claims of deliberate indifference be denied.

## VI.  <u>RECOMMENDATION</u>

Plaintiff fails to establish that there exists a genuine issue of material fact regarding his claims of deliberate indifference, and defendant Ruano has established that he is entitled to summary judgment as a matter of law.  Accordingly, it is respectfully recommended that defendant's motion for summary judgment (D.E. 29) be granted and that plaintiff's deliberate indifference claims against this defendant be dismissed with prejudice.

Respectfully submitted this 28th day of June 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).